## 14858. LANDRUM *v.* LEACHMAN.

STEPHENS, J. 1. Where a note is executed by a married woman and her husband apparently as joint makers, the consideration for which is the payee's sale of certain personalty,—as a farm tractor,—the use of which inures to the benefit of the wife,—as where the tractor is utilized by the husband in cultivating a farm belonging to the wife from which she receives support,—the inference is authorized that the wife, in executing the note ostensibly as a maker, was such in reality, and that the obligation was an original undertaking by her and not one of suretyship. This is true though the husband alone negotiated the sale with the payee, and the wife was not present and took no part in the negotiations but signed the note afterwards at the instigation of the husband.

2. The conduct of the wife under the circumstances narrated above authorizes the further inference that she ratified the acts of the husband and thereby made him her agent in negotiating the sale.

3. In a suit by the payee on the note against the husband and the wife jointly, where the sole defense filed was by the wife and was to the effect that the execution of the note by her was as a surety only, and therefore void and not a binding obligation upon her, evidence of a conversation between the plaintiff and the husband but not in the presence of the wife, prior to the execution of the note and during the negotiation of the sale, to the effect that the payee, when asked by the husband if he would sell the tractor to the husband, responded that he would not do so, but would sell it to the wife, was properly admitted as against the wife, as evidence tending to prove that no contract was in fact made with the husband in his individual capacity, and was therefore relevant as cumulative of the main issue that the contract of sale was made with the wife.

4. Evidence to the effect that during the negotiations leading up to the sale the husband stated to the plaintiff that it was unnecessary for the plaintiff to have any dealings directly with the wife is as favorable to the contentions of the defendant as to those of the plaintiff, and its submission therefore was not harmful to the defendant.

5. An exception that the court erred in admitting "in evidence a tax-return identified by a witness" does not identify the evidence objected to with the particularity sufficient to constitute an intelligible ground of exception. Besides, it appears from the brief of the evidence that the only tax-return introduced was a return by the husband of land and agricultural implements belonging to the wife. Such evidence was relevant as a declaration by the husband tending to establish his general agency for the wife respecting her farm lands above referred to, and

therefore was corroborative of other circumstances tending to establish such agency.

6. In view of the above evidence and the inferences authorized therefrom, the positive evidence of the wife to the effect that she was no party to the sales contract, and that her husband in no wise acted as her agent when negotiating such sale, is not sufficient to demand a verdict in her favor.

7. The evidence authorized the verdict found for the plaintiff, and the verdict having been approved by the trial judge, and no error of law appearing, it will not be disturbed.

> *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*
>
> DECIDED JULY 14, 1924.

Complaint; from city court of Cartersville—Judge Townsend. June 11, 1923.

*C. C. Pittman,* for plaintiff in error.

*Neel & Neel,* contra.